IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ANNETTE STALLWORTH,

and

MELVIN STALLWORTH,       PLAINTIFFS DEMAND
    TRIAL BY JURY

   Plaintiffs,

v.      Civil Action No. 2:13cv465

KALKAVAN SHIPMANAGEMENT, GMBH & CO., KG,

and

CAIB KALKAVAN SCHIFFSEIGENTUMS, GMBH & CO., KG,

   Defendants.

## COMPLAINT

The plaintiffs Annette Stallworth and Melvin Stallworth, by counsel, allege for their Complaint against the defendants Kalkavan Shipmanagement, GmbH & Co., KG, and Caib Kalkavan Schiffseigentums, GmbH & Co., KG, upon information and belief, as follows:

### JURISDICTION AND VENUE

1. This is a civil action brought by plaintiffs Annette Stallworth and Melvin Stallworth, <u>in personam</u> against the defendants Kalkavan Shipmanagement, GmbH & Co., KG, and Caib Kalkavan Schiffseigentums, GmbH & Co., KG, for personal injuries and damages resulting therefrom, pursuant to the provisions of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901, <u>et seq.</u>, and the General Maritime Law of the United States, and is within the jurisdiction of this Court,

pursuant to the "saving to suitors" provision of 28 U.S.C. § 1333(1) and pursuant to 28 U.S.C. § 1332(a), there being diversity of citizenship between the plaintiffs and all defendants named herein and the amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

2. The General Maritime Law of the United States applies substantively to all causes of action asserted herein, because the injuries and damages referred to herein were caused by a vessel on navigable waters of the United States; the injuries and damages referred to herein arose out of traditional maritime activities; and the general features of the incident out of which this action arises had a potentially disruptive impact on maritime commerce.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391(a), because the plaintiffs' causes of action arose in the City of Norfolk, Virginia.

## COUNT I-NEGLIGENCE CLAIM OF ANNETTE STALLWORTH

4. The plaintiff Annette Stallworth, is a citizen of the Commonwealth of Virginia.

5. The plaintiff Melvin Stallworth is a citizen of the Commonwealth of Virginia.

6. The defendants Kalkavan Shipmanagement, GmbH & Co., KG, and Caib Kalkavan Schiffseigentums, GmbH & Co., KG, are foreign entities with citizenship and principal places of businesses outside the Commonwealth of Virginia.

7. Norfolk International Terminals (hereinafter referred to as "NIT") is a marine terminal situated on or next to the navigable waters of the Elizabeth River in the City of Norfolk, Virginia, at which cargo vessels call for the loading and unloading of

cargo.

8. Virginia International Terminals, Inc., is a marine terminal operator, which at all times pertinent herein operated NIT and provided services to cargo vessels calling at NIT.

9. The M/V IBRAHIM DEDE was, at all times pertinent herein, a vessel used and employed for commercial container cargo transportation operations on the high seas and navigable waters of the United States and was regularly used by the defendants herein to conduct substantial business activity in the Port of Hampton Roads, Virginia.

10. At all times pertinent herein, the defendant Kalkavan Shipmanagement, GmbH & Co., KG, and/or the defendant Caib Kalkavan Schiffseigentums, GmbH & Co., KG, was/were the owner(s), owner(s) pro hac vice, manager(s), operator(s), controller(s), and/or bareboat charter(s) of the M/V IBRAHIM DEDE, and/or the defendants are the successors in interest to the owner(s), owner(s) pro hac vice, operator(s), controller(s), and/or bareboat charter(s) of the vessel.

11. At all times pertinent herein, including September 25, 2012, the M/V IBRAHIM DEDE was a vessel on the navigable waters of the United States.

12. At all times pertinent herein, the M/V IBRAHIM DEDE was calling at NIT in the Port of Hampton Roads to undergo cargo operations.

13. On or about September 25, 2012, the plaintiff Annette Stallworth was working as a longshoreman on the pier at NIT, at or near Container Berth No. 4, near the stern of the M/V IBRAHIM DEDE.

14. At the aforesaid time and place, the plaintiff Annette Stallworth was employed by marine terminal operator Virginia International Terminals, Inc., to work as

a line handler.

15. A line handler works on the pier, assisting in the mooring and unmooring of cargo vessels which call at the port.

16. At the aforesaid time and place the M/V IBRAHIM DEDE was equipped with and was using stern mooring lines and a heaving line, which were gear and/or appurtenances of the vessel.

17. At the aforesaid time and place, several crew members of the M/V IBRAHIM DEDE were working at or near the stern of the vessel, controlling the stern mooring lines and heaving line.

18. At the aforesaid time and place, the plaintiff was securing the stern mooring lines to bollards or cleats on the pier, with the assistance and cooperation of the vessel's crew.

19. The plaintiff secured more than one stern mooring lines of the vessel to bollards or cleats on the pier without incident.

20. When the plaintiff received the heaving line with the last stern mooring line from the vessel, she detached the heaving line from the mooring line at or near the eye of the mooring line and placed the eye of the mooring line on a bollard or cleat.

21. Part of the heaving line was entangled or wrapped around the mooring line.

22. The plaintiff tried to free the heaving line from the mooring line.

23. All of the plaintiff's activities with the heaving line and the stern mooring lines of the vessel occurred in full view of several crew members.

24. Notwithstanding the foregoing, while the plaintiff was attempting to free the heaving line from the stern mooring line, and while the plaintiff was working next to the mooring line, the crew of the vessel, by mechanical means on the vessel or otherwise, suddenly and without any warning, tightened the mooring line, causing the mooring line to snap against plaintiff's left forearm and break both bones of the forearm.

25. At all times relevant herein, the crew of the M/V IBRAHIM DEDE was actively involved in the mooring evolution, the crew maintained control over the mooring evolution, and the crew maintained control over the vessel's mooring lines and heaving lines used in the mooring evolution.

26. At all times herein the defendants and/or their agents, servants, and employees had a duty to exercise reasonable care under the circumstances to avoid causing injury where the vessel was actively involved in an operation of the vessel; and the defendants and/or their agents, servants, and employees had a duty to exercise reasonable care to intervene to eliminate or warn of hazards with respect to areas and equipment under the control of the vessel.

27. Notwithstanding their aforementioned duties, the defendants and/or their agents, servants, and employees breached these duties and were negligent.

28. The defendants and/or their agents, servants and employees were negligent in the following particulars:

    (a)    failure to exercise reasonable care under the circumstances; and/or

    (b)    failure to control the mooring line and/or heaving line of the vessel properly; and/or

    (c)    failure to operate the winch and/or other gear of the vessel properly; and/or

(d) failure to keep a proper lookout for the plaintiff's safety; and/or

(e) failure to warn the plaintiff that the crew was about to tighten or retract the line next to which she was working, so she could get clear of the line; and/or

(f) failure to comply with custom and practice in the Port of Hampton Roads and/or custom and practice in the maritime industry applicable to owners, owners pro hac vice, operators, managers, agents, and bareboat charters, of cargo vessels during mooring and unmooring; and/or

(g) in other particulars to be shown at the trial of this case.

29. As a direct and proximate result of the defendants' negligence, the plaintiff Annette Stallworth was physically injured; has been scarred and disfigured; has undergone and continues to undergo physical pain, mental anguish, and inconvenience; was disabled from performing her calling and other activities; lost income from her employment as a longshoreman; and has incurred and will continue to incur substantial medical expenses for the care and treatment of her injuries.

WHEREFORE the plaintiff Annette Stallworth demands judgment in her favor against each of the defendants named herein, jointly and severally, in the sum of $1,500,000.00 (ONE MILLION FIVE HUNDRED THOUSAND DOLLARS), plus prejudgment interest, post judgment interest and legal costs incurred, and whatever additional relief which as to this Court seems just.

## **COUNT II-LOSS OF CONSORTIUM CLAIM OF MELVIN STALLWORTH**

30. All preceding paragraphs are fully incorporated herein.

31. At all pertinent times hereto, the plaintiff Melvin Stallworth was and remains lawfully married to, and he has lived with and continues to live with, the plaintiff Annette Stallworth.

32. At all pertinent times hereto, the plaintiff's have had a marital relationship which included all the elements of consortium.

33. As a direct and proximate result of the defendants' negligence and the resulting injuries to his wife Annette Stallworth, the plaintiff Melvin Stallworth has suffered the loss of comfort, companionship, society, affection, and services of his wife.

WHEREFORE the plaintiff Melvin Stallworth by counsel demands judgment in his favor against each of the defendants named herein in the amount of $200,000.00 (TWO HUNDRED THOUSAND DOLLARS), plus prejudgment interest, post judgment interest, and legal costs incurred, and whatever additional relief which as to this Court seems just.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

                              ANNETTE STALLWORTH
and    MELVIN STALLWORTH

By: _____
      Of Counsel

Lance A. Jackson, Esq.
Virginia State Bar No. 26035
Attorney for Annette Stallworth and
Melvin Stallworth
MONTAGNA KLEIN CAMDEN, L.L.P.
425 Monticello Avenue
Norfolk, Virginia 23510
Telephone: (757) 622-8100
Facsimile: (757) 622-8180
Email: ljackson@mkcattorneys.com

7